IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



MONTE D. FERGUSON,

    Petitioner,

v.                                       Civil Action No. 3:09CV182

GENE M. JOHNSON,

    Respondent.

## MEMORANDUM OPINION

Monte D. Ferguson, a Virginia state prisoner, brings this petition for a writ of habeas corpus challenging his convictions in the Circuit Court for the City of Norfolk (the "Circuit Court") for one count of possession of explosive materials by a convicted felon, one count of operating a motor vehicle without a license as a habitual offender. Ferguson also challenges the revocation of his probation, during the same proceedings, based on these new convictions and other violations. Ferguson contends that he is entitled to relief on the following grounds:

    Claim One     Retained counsel Duncan St. Clair, III failed to perfect or note an appeal, and refused to allow other counsel to be employed to perfect it.

    Claim Two     Assigned counsel Michael Gray failed to perfect or note an appeal, and refused to allow other counsel to be employed to perfect it.

(Pet. for Writ of Habeas Corpus 6-8.) Respondent contends, inter alia, that Ferguson's claims are procedurally defaulted.

## I. PROCEDURAL HISTORY

The Circuit Court sentenced Ferguson on his probation violations and new convictions on August 10, 2007. On July 25, 2008, Ferguson filed a pro se habeas application arguing only that Attorney Duncan St. Clair rendered ineffective assistance by failing to file a direct appeal. The Circuit Court rejected Ferguson's petition on the merits as follows:

> [T]he Court rules that present allegations do not satisfy the test for a finding of ineffective assistance of counsel as set forth in Strickland v. Washington, 466 U.S. 668 (1984). The Court finds that counsel, Duncan St. Clair, III, was not deficient for failing to file a notice of appeal because he was not counsel of record in the criminal proceedings against the petitioner.
> The Court further finds that, to the extent petitioner challenges counsel's failure to note an appeal from his revocation proceedings, his claim is deficient under the Sixth Amendment and Strickland, because he did not have a constitutional right to counsel at the revocation proceeding. See Wainwright v. Torna, 455 U.S. 586 (1982); Gagnon v. Scarpelli, 411 U.S. 778 (1973).

Ferguson v. Hinkle, No. L-08-4567, 1-2 (Va. Cir. Ct. Oct 27, 2008).

Ferguson appealed this decision to the Virginia Court of Appeals. On April 17, 2009, the Court of Appeals of Virginia dismissed Ferguson's notice of appeal of the denial of his first habeas petition on the grounds that it lacked jurisdiction over habeas appeals and, because a notice of appeal had not been timely filed, the case could not be transferred to the Supreme Court of

Virginia pursuant to § 8.01-677.1 of the Virginia Code.[1] Ferguson v. Warden, No. 0680-09-1 (Va. Ct. App. April 17, 2009). Ferguson did not seek review by the Supreme Court of Virginia.

On August 20, 2008, Ferguson filed a second state habeas application alleging that Michael Gray rendered ineffective assistance. The Circuit Court later dismissed this petition, explaining that "the present allegations [relating to counsel Michael Gray's performance]. . . are an abuse of the writ under Virginia Code § 8.01-654(B)(2), in view of petitioner's failure to include these available claims in his first state habeas corpus petition." Ferguson v. Commonwealth of Virginia, No. L-08-5565 (Va. Cir. Ct. Dec. 5, 2008). On August 11, 2009, the Supreme Court refused Ferguson's petition for appeal. Ferguson v. Commonwealth of Virginia, No. 090191 (Va. Aug. 11, 2009).

## II. EXHAUSTION AND PROCEDURAL DEFAULT

"In the interest of giving the state courts the first opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing, a state prisoner must exhaust all available state remedies before he can apply for

---

[1] "[N]o appeal which was otherwise properly and timely filed shall be dismissed for want of jurisdiction solely because it was filed [in the incorrect appellate court] and the appellate court in which it was filed thereafter rules that it should have been filed in the other court. In such event, the appellate court so ruling shall transfer the appeal to the appellate court having appropriate jurisdiction . . . ." Va. Code. § 8.01-677.1.

3

federal habeas relief." Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998) (citing Matthews v. Evatt, 105 F.3d 907, 910-11 (4th Cir. 1997)). "To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court." Matthews, 105 F.3d at 911 (citing Spencer v. Murray, 18 F.3d 237, 239 (4th Cir. 1994)).

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." Breard, 134 F.3d at 619. This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." Id. (citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991)). Furthermore, a federal habeas petitioner also procedurally defaults claims when the "petitioner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" Id. (quoting Coleman, 501 U.S. at 735 n.1). Absent a showing of cause and prejudice or a fundamental miscarriage of justice, this Court is precluded from reviewing the merits of a defaulted claim. See Harris v. Reed, 489 U.S. 255, 262 (1989).

The Circuit Court dismissed Claim One on the merits. The Virginia Court of Appeals dismissed Claim One for lack of jurisdiction, finding that Ferguson had not timely filed a proper notice of appeal in the Circuit Court.[2] Ferguson did not pursue any further appeal. Claim One is not properly exhausted because Ferguson failed to present it to Virginia's highest court. See Matthews, 105 F.3d at 911. Moreover, any appeal of the denial of Claim One to the Virginia Supreme Court would now be dismissed as untimely. Va. Sup. Ct. R. 5:17(a)(1). Virginia's requirement that a petition for appeal be timely filed is an adequate and independent ground for dismissal. Spencer v. Murray, 5 F.3d 758, 761 (4th Cir. 1993). Claim One is therefore procedurally defaulted. Ferguson offers no justification for his default. Claim One will be DISMISSED.

The Circuit Court dismissed Claim Two as an abuse of the writ pursuant to Virginia Code § 8.01-654(B)(2). Ferguson v. Commonwealth of Virginia, No. L-08-5565 (Va. Cir. Ct. Dec. 5, 2008). Because the Supreme Court of Virginia summarily rejected Ferguson's petition for appeal, it is presumed that it dismissed

---

[2] The Circuit Court denied Ferguson's petition on October 27, 2008. The only filing received by the Circuit Court subsequent to the order of dismissal was a motion for transcripts filed on December 2, 2008. Records from the Virginia Court of Appeals show that Ferguson's notice of appeal and certificate of service thereof are dated October 24, 2008. The Virginia Court of Appeals received the notice of appeal on February 26, 2009. Pet. for Appeal, Ferguson v. Hinkle, No. 0680-09-01 (Va. Ct. App. Feb. 26, 2009).

Ferguson's claims for the reasons stated by the Circuit Court. See White v. Johnson, No. 2:05cv365, 2006 WL 2520113, at *4 (E.D. Va. Aug. 25, 2006) (citing Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991)). Virginia's abuse of the writ doctrine is an adequate and independent ground for dismissal. Mackall v. Angelone, 131 F.3d 442, 446 (4th Cir. 1997). Ferguson does not offer any explanation for failing to raise Claim Two in his first state habeas petition. Claim Two will be DISMISSED.

Respondent's motion to dismiss (Docket No. 10) will be GRANTED. Ferguson's claims will be DISMISSED. The action will be DISMISSED.

The Clerk is directed to mail a copy of the Memorandum Opinion to Ferguson and counsel for Respondent.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: January 17, 2009
Richmond, Virginia